Scileppi, J.
The appellant was arrested on March 23, 1966 on the complaint of a 15-year-old girl and was charged with violating section 1140 of the former Penal Law in that he exposed his private parts in public. On April 27, 1966 a preliminary hearing was held and the case was adjourned until June 1 for trial. On that day, a further adjournment was obtained at the request of the District Attorney. Defense counsel requested the latter part of June for trial, but the District Attorney informed the court that Miss Harper, the complainant, would be out of town after June 8 until September. The case was marked final against the defendant for June 7.
On June 7, defense counsel made an application for an adjournment and advised the court that he did not have the minutes from the preliminary hearing. Defense counsel stated that he had made a request of the stenographer but the stenographer could not transcribe the minutes as he was going on vacation. It is most significant that this statement remained uncontroverted in *198 the record. The People opposed the application and the application was denied. The case then proceeded to trial and the court found the appellant guilty as charged.
Section 206 of the Code of Criminal Procedure gives a defendant, who is capable of paying for it, an absolute right to a transcript of a preliminary hearing; the defendant is entitled to the transcript notwithstanding his failure to exhibit need or state the purpose for which it will be used (People v. Montgomery, 18 N Y 2d 993). The argument advanced is that necessarily coupled with the absolute right to the transcript is a reasonable time to obtain it.
The appellant argues that less than six weeks had elapsed from the hearing until the trial; that he was diligent in his efforts to secure the minutes but the stenographer said he was going on vacation and would be unable to produce the minutes; that the only reason advanced by the People in opposing his motion for an adjournment was that the complaining witness was going on vacation the next day and, in the absence of any other reason which might have evidenced some prejudice to the People, it was an abuse of discretion as a matter of law to deny appellant’s motion for an adjournment.
The People, on the other hand, contend that the trial court acted properly under the circumstances in denying appellant’s motion for an adjournment. They argue that the caveat expressed in People v. Montgomery (supra) is applicable to the facts in the instant case. Montgomery was a case involving an indigent’s request for a transcript of his preliminary hearing. We held that when the request is accompanied by a specific claim of indigency the request must be honored; however, we stated that “ The request for a transcript should be made far enough in advance of trial to give the State a reasonable amount of time to transcribe the minutes and to avoid the necessity of susr pending the trial pending the production of the transcript” (pp. 994-995).
The People’s reliance on this statement is misplaced. This caveat was intended to apply to an indigent asking the court to secure the minutes for him, not to a defendant capable of paying for the transcript himself. If the indigent defendant feels that a transcript of the preliminary hearing is necessary to adequately prepare his defense, he need only ask, and the State *199 will have the minutes transcribed for him. However, he must make his request far enough in advance of trial “ to avoid the necessity of suspending the trial pending the production of the transcript ”. If a defendant capable of paying for a transcript feels that the minutes are necessary to adequately prepare Ms defense, he does not, in advance of trial, ask the court to secure the transcript for him but rather it is incumbent upon him to obtain the minutes for himself. If he has difficulty in obtaining the transcript, he is not required to apply for an adjournment before the date set for trial. Moreover, there is even some question whether an application for an adjournment made prior to the date set for trial would be entertained at all.
It further appears that an adjournment would in no way have prejudiced the People’s case. The People argue that, if the court granted appellant’s motion, that the complaining witness would have been unavailable until September as she was going on vacation. Certainly, under the circumstances of this case, the rights of a defendant to adequately prepare his defense should not be denied because of the convenience of a vacationing 15-year-old complainant and the proper exercise of the court’s power of subpoena would prevent any undue delay after the transcript was produced.
In People v. Ballott (20 N Y 2d 600) we were presented with a situation somewhat analogous to the case at bar. The trial court there refused to grant an adjournment where a defendant needed one week to raise sufficient funds to purchase prior minutes. The court stated: ‘ ‘ However, even if it were to be said that the absence of a specific claim of indigency prevents the defendant from now urging a denial of that constitutional right, there must be a reversal since the trial court’s refusal to grant an adjournment constituted an abuse of discretion as a matter of law. The defendant desired a delay of but a week, solely for the purpose of raising the $50 needed to purchase the minutes of the first trial. He had a fundamental right to the testimony of the witnesses who were to testify against him and, surely, one who is attempting to pay for such testimony should be given every reasonable opportunity to do so. Under the circumstances, the court either should have adjourned the case or should have directed that the minutes be transcribed at public expense and furnished to the defendant. Its failure to do one or the other *200 effectively prevented the defendant from exercising his right and was, therefore, an abuse of discretion. (Cf., e. g., People v. Snyder, 297 N. Y. 81, 90; People v. McLaughlin, 291 N. Y. 480.) ” (Pp. 604-605.)
In Ballott, about five months had elapsed from the first trial to the denial of the motion for adjournment. The defendant there had already received one adjournment and yet we held that the denial of a further adjournment was an abuse of discretion as a matter of law. In the instant case only six weeks had elapsed from the preliminary hearing to the denial of the motion for an adjournment. We do not believe that the defendant in Ballott had a greater right than the appellant herein or that six weeks was a sufficient time to obtain prior minutes when five months was found insufficient in Ballott and, therefore, we hold that the trial court’s denial of appellant’s motion for an adjournment was an abuse of discretion as a matter of law.
Accordingly, the judgment appealed from should be reversed and a new trial ordered.