OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, and a new trial ordered.
Defendant was charged with criminal possession of a controlled substance in the third and fourth degrees (Penal Law, § 220.16, subd 1; § 220.09, subd 1), and tried jointly with a codefendant before a jury. On the second day of trial, the People presented six witnesses and rested, the codefendant testified, and after his intended final witness failed to appear, he rested. The court thereupon instructed defendant’s counsel to proceed. Counsel asked if he “could have until tomorrow morning to proceed. It’s five minutes to five now.” The court directed him to proceed. Counsel then requested “a few minutes” to talk to his client but was interrupted, after conferring with defendant for approximately five seconds, by the court’s insistence that he proceed. Counsel protested that the codefendant had rested unexpectedly, that he had not had an opportunity to consult with his client, and that he would otherwise be forced to rest. The court responded, “You are not forced to do anything. Let’s stop this foolishness right now * * * Proceed.” Defendant rested. The People having no rebuttal, the proof was closed and “in view of the hour”, the court recessed for the day. Defendant’s immediate motion for a mistrial on the ground that he was compelled to decide whether or not to testify without proper consultation with his counsel was denied, the court additionally admonishing counsel that it resented the implication before the jury that defendant’s rights were being infringed and that for a trial lawyer to call his own client, seated right alongside him, to the stand “takes exactly five seconds.” After summations the following morning, defendant was convicted of criminal possession in the fourth degree, and sentenced to 5 to 15 years in prison.
The decision whether to grant an adjournment is ordinarily committed to the sound discretion of the trial court (Matter of *700 Anthony M., 63 NY2d 270, 283-284; People v Singleton, 41 NY2d 402, 405). But in particular situations, when the protection of fundamental rights has been involved in requests for adjournments, that discretionary power has been more narrowly construed (see People v Foy, 32 NY2d 473, 476-478; People v Matz, 23 NY2d 196; People v Ballott, 20 NY2d 600, 604-605; People v Snyder, 297 NY 81, 90). Here, counsel requested a brief delay, after the codefendant testified and rested unexpectedly, to consult with his client about taking the stand, implicating defendant’s fundamental right effectively to confer with his counsel (see NY Const, art I, § 6; People v Narayan, 54 NY2d 106,112). In these circumstances, the court’s conduct in denying even “a few minutes” delay was arbitrary and an abuse of discretion as a matter of law.
The failure of defense counsel to seek to reopen the defendant’s case, after having the overnight recess to confer with his client, does not affect this conclusion — and indeed is not even raised by the People. Having rested before the jury, and his counsel having been repeatedly and sharply enjoined by the court to proceed, defendant cannot be faulted for electing not to risk further prejudice by appealing again to the court’s discretion with a motion to reopen (People v Henderson, 28 AD2d 1145, 1146).
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer, Simons and Kaye concur in memorandum.
Order reversed, etc.