■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANNY ROBINSON, Also Known as BRUNCE SMITH, Appellant. —Appeal from the judgment of the Supreme Court, Bronx County (Elbert Hinkson, J., at Mapp hearing, plea and sentence), rendered February 28, 1984, which convicted defendant of attempted criminal possession of a controlled substance in the fourth degree and sentenced him as a second felony offender to an indeterminate term of imprisonment of 2 to 4 years, is held in abeyance, the order denying defendant's suppression motion reversed and the matter remanded for a reopened Mapp hearing consistent herewith.

Defendant was arrested and charged with possession of a controlled substance when, pursuant to a street encounter, the arresting police officer observed a bulge in defendant's crotch which, when touched, felt like a "hard undefinable object," and searched defendant's pants, recovering a plastic bag containing packets of drugs. At the Mapp hearing defense counsel challenged the constitutionality of the stop and frisk by attempting to cross-examine the arresting officer about the reasonableness of his belief that the bulge looked and felt like a weapon. These attempts were improperly thwarted by the court. In support of the defense contention that the "little plastic bag" of drugs could not have felt like a gun, defense

counsel sought production of the drugs at the hearing. Defense counsel also requested that, in order to test the credibility of the officers, the court order the production of the memo book entries of the arresting officer and his partner, which were then in the custody of the Internal Affairs Division of the Police Department as a result of an investigation. These requests were also improperly denied.

As a result of these errors defendant was unfairly impeded in his ability to cross-examine the officers and fully challenge the constitutionality of their actions, thereby depriving him of a fair hearing. Accordingly, we vacate the court's ruling on the *Mapp* hearing, remand for a reopened *Mapp* hearing to permit broader cross-examination of the police officers, production of the drugs seized and of the memo book entries, and hold the appeal in abeyance pending determination of defendant's suppression motion. Concur—Kupferman, J. P., Sullivan, Carro, Fein and Ellerin, JJ.