■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WYLODENE INGRAM, Also Known as SUSAN JACKSON, Appellant.—Casey, J. Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered March 4, 1985, convicting defendant upon her plea of guilty of the crime of grand larceny in the third degree.

Defendant entered a plea of guilty and was sentenced to 1½ to 3 years in prison for the crime of grand larceny in the third degree in full satisfaction of an indictment which charged that crime and also the crime of criminal possession of a forged instrument in the second degree, allegedly committed on May 5, 1978. The charges involved defendant's presentment to Georgianne Chrysler, a teller at the Bank of New York in the Town of Colonie, of a check in the amount of $600 which was payable to the order of one Delores Brown and which bore the forged signature of one Tinga Seisay, as maker. For the purpose of determining the propriety of the pretrial identification of defendant by Chrysler, a suppression hearing was held on December 27, 1978. At that hearing, the People called as the only witness Detective Sergeant Luther Winchester of the Colonie Police Department, who testified to having gone to the bank on May 23, 1978 and having shown Chrysler a packet of five black and white photos of black females similar in age and appearance. He testified that he made no undue comment or undue suggestion and that Chrysler selected defendant's

photo as that of the suspect. Following this testimony and cross-examination by defense counsel, the People rested without calling Chrysler. Defense counsel expressed his surprise at the People's failure to call the teller and his desire to call her. County Court was not adverse to the request until it was made known that she was not immediately available. Thereupon the defense requested an opportunity to send out an investigator to summon the witness and a postponement of the hearing until after lunch. The court denied the request. Defense counsel then rested and the motion to suppress was denied. Apparently some time thereafter defendant absconded, delaying plea negotiations until February 1985 when defendant entered her plea.

On this appeal, defendant contends that County Court erred in failing to grant her motion for a continuance of the identification hearing.* We agree. Defendant had a right to explore the circumstances under which the identification of defendant's photo was made by Chrysler. Defendant was not required to accept Winchester's testimony at face value. Since defendant moved timely and in good faith for an opportunity to produce the teller, County Court erred in denying her request (see, People v Spears, 64 NY2d 698, 700). Accordingly, we hold the determination of this appeal in abeyance and remit to County Court for a de novo suppression hearing, at which time defendant may call appropriate witnesses to demonstrate illegality, if any, of the teller's identification (see, People v Alvarez, 96 AD2d 786, 787).

Decision withheld, and matter remitted to the County Court of Albany County for a de novo suppression hearing in accordance with the decision herein. Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur.

Kane, J. P., dissents and votes to affirm in a memorandum. Kane, J. P. (dissenting). It is defendant's contention on this appeal that the failure of County Court to grant a brief adjournment of the suppression hearing for the purpose of securing the attendance of an identification witness was an abuse of discretion requiring remittal for further proceedings. The hearing was held on December 27, 1978.

The judgment should be affirmed for two reasons. First, the right to raise this issue on appeal has been forfeited by defendant's guilty plea entered more than six years later. The

---

* Defendant's claim of error in the suppression hearing is statutorily preserved for appellate review notwithstanding her subsequent plea of guilty (CPL 710.70 [2]; *People v Taylor,* 65 NY2d 1, 5).

right to confront an identification witness is one of the constitutional rights surrendered when a defendant elects not to litigate the issue of guilt *(People v Taylor,* 65 NY2d 1, 5).

Second, County Court did not abuse its discretion in denying defendant's request since there is no requirement that the prosecution produce an eyewitness once it is satisfactorily established that the identification procedure is not inherently suggestive *(see, People v Sutton,* 47 AD2d 455, 459). Significantly, there is no showing of any prejudice resulting to defendant or that the desired testimony would be favorable to her defense *(see, People v Jones,* 79 AD2d 717, 718, *affd* 53 NY2d 789). Unlike the circumstances presented in *People v Spears* (64 NY2d 698), in this case, we are dealing with preliminary proceedings conducted prior to the entry of the plea of guilty, thus presenting a situation for the normal exercise of the court's broad discretionary powers *(see, People v Singleton,* 41 NY2d 402, 405).

Accordingly, I would affirm the judgment of conviction.