■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GENNARO OCASIO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Meyerson, J.), rendered May 13, 1983, convicting him of manslaughter in the first degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the appeal is held in abeyance and the matter is remitted to the Supreme Court, Kings County, to hear and report after a de novo suppression hearing on that branch of the defendant's omnibus motion which was to suppress identification testimony; Criminal Term shall file its report with this court with all convenient speed.

At a suppression hearing held on April 11, 1983, for the purpose of determining the propriety of certain pretrial identi-

fications of the defendant, the People called former Detective John J. O'Flaherty of the New York City Police Department as their only witness. He testified that on September 6, 1978, he had four witnesses come to the precinct to view a photographic array. Although all four witnesses sat together in an interview room before being shown the array, each witness was taken individually into a separate room when shown the photographic array. After each witness identified the third photograph, which was of the defendant, as that of the perpetrator, they were instructed not to discuss their identification of the defendant with the remaining witnesses. Former Detective O'Flaherty testified, however, that he could not state whether the witnesses followed these instructions, thereby leaving open the possibility that a witness who had already viewed the array influenced or suggested a subsequent witness's identification of the defendant. Following this testimony and cross-examination by the defense counsel, the People rested. At this point, the defense counsel requested that either the People produce the identifying witnesses, or that he be permitted to subpoena them to testify on the defendant's behalf. The court denied both requests.

On appeal, the defendant contends that the photographic array was unduly suggestive, that the identification procedure employed was unduly suggestive, and that the court erred in refusing to allow him to call the identifying witnesses to testify. An examination of the photographic array reveals that the defendant's appearance does not differ greatly from that of the other men in the array, and his argument that his picture was unfairly "singled-out" is without merit (see, People v Coleman, 114 AD2d 906). Furthermore, the evidence indicates that the pretrial identification procedure employed was not on its face unduly suggestive as the witnesses viewed the photographic array individually and were instructed not to discuss their identifications with the other witnesses. Nevertheless, the court erred in refusing to allow the defendant to call the identifying witnesses to testify in his behalf. The defendant had a right to explore the circumstances under which the identification of his photograph was made by the various witnesses. He was not required to accept Detective O'Flaherty's testimony, which was notably incomplete, at face value (see, People v Ingram, 120 AD2d 814). Since the defendant moved in good faith and in a timely fashion to call these witnesses, the hearing court erred in denying his request (see, People v Spears, 64 NY2d 698, 700). We accordingly hold the determination of this appeal in abeyance and remit to the

Supreme Court, Kings County, for a de novo suppression hearing, at which time defendant may call the appropriate witnesses to determine the illegality, if any, of the witnesses' identifications *(see, People v Alvarez,* 96 AD2d 786, 787). Niehoff, J. P., Weinstein, Kunzeman and Spatt, JJ., concur.