■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VLADISLOV SOKOLYANSKY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Broomer, J.), rendered February 11, 1987, convicting him of robbery in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the matter is remitted to the Supreme Court, Kings County, to hear and report, after a de novo suppression hearing, on that branch of the defendant's omnibus motion

which was to suppress identification testimony and the appeal is held in abeyance in the interim; the Supreme Court is to file its report with this court with all convenient speed.

At the suppression hearing which was held for the purpose of determining the propriety of certain pretrial identifications of the defendant, the People relied solely upon the testimony of Detective Donald Henry. Henry testified that two identifying witnesses selected the defendant's photograph from a three-photograph array. Subsequently, on October 8, 1985, he had the witnesses come to police headquarters to view a lineup in which the defendant was to be a participant. While he gathered "fillers" for the lineup, the two witnesses were left in the presence of other detectives for more than 20 minutes. Each witness was then taken individually to the viewing room and each witness identified the defendant as the perpetrator.

At the close of the People's case, defense counsel sought to call one of the witnesses to the stand. Defense counsel argued that since the witnesses were left in the presence of other police detectives for about 20 minutes, Detective Henry's testimony could not be the only basis of determining whether the witnesses' identifications were influenced by suggestive police conduct. The Supreme Court denied defense counsel's request.

On the instant appeal, the defendant contends, *inter alia,* that the Supreme Court erred in refusing to allow him to call one of the identifying witnesses to testify at the *Wade* hearing.

We agree with the defendant's contention. It has been consistently held that a defendant has a right to explore the circumstances under which his pretrial identification was made by various witnesses *(People v Ocasio,* 134 AD2d 293; *People v Ingram,* 120 AD2d 814). The defendant was not required to accept Detective Henry's testimony, "which was notably incomplete, at face value" *(People v Ocasio, supra,* at 294). Since the defendant "moved in good faith and in a timely fashion to call these witnesses", the Supreme Court erred in denying his request *(People v Ocasio, supra,* at 294; *People v Spears,* 64 NY2d 698, 700). We accordingly hold the determination of this appeal in abeyance and remit to the Supreme Court, Kings County, for a de novo suppression hearing, at which time the defendant may call the appropriate witnesses to determine the illegality, if any, of the witnesses' identification *(see, People v Alvarez,* 96 AD2d 786, 787). Mangano, J. P., Brown, Rubin and Kooper, JJ., concur.