■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHEN ALLEN, Appellant.—Appeal by the defendant from a

judgment of the Supreme Court, Kings County (Pincus, J.), rendered July 2, 1986, convicting him of murder in the second degree (three counts), attempted murder in the second degree (two counts), assault in the first degree (two counts), burglary in the first degree, and criminal possession of a weapon in the second degree (four counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reversing the conviction of burglary in the first degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

During the course of the trial, two jurors separately communicated to the court that they were ill and unable to continue. These jurors were thereupon discharged and replaced with alternates. On appeal, the defendant urges that this was error. Defendant's contentions notwithstanding, we find that inasmuch as the trial court ascertained that the jurors were in fact ill and under the care of a doctor, the discharge and substitution of the jurors constititued a proper exercise of discretion (see, People v Page, 72 NY2d 69; People v Salley, 153 AD2d 704; People v Medina, 152 AD2d 602). However, we again take this opportunity to emphasize that it would have been preferable for the trial court to have conducted a more detailed inquiry pursuant to CPL 270.35 of the circumstances of these jurors' inability to serve (see, People v Page, supra; People v Lawrence, 143 AD2d 1045).

We find equally unavailing the defendant's assertion that reversal is warranted due to the trial court's refusal to discharge a juror who requested to be excused. Contrary to defendant's contentions, the record is barren of any indication that this juror possessed a state of mind which would have prevented her from rendering an impartial verdict (see, People v Bailey, 146 AD2d 788; see also, People v Rodriguez, 71 NY2d 214; People v Buford, 69 NY2d 290).

The defendant claims that the indictment against him should have been dismissed because he did not effectively waive immunity when he testified before the Grand Jury (see, CPL 190.40 [2]; 190.45). It must be noted that the defendant never made a motion to dismiss the indictment on this ground, either before or at trial, and accordingly, the issue of law is not preserved for appellate review. In any event, a review of the minutes of the Grand Jury proceeding reveals that the defendant swore that it was his signature which appeared on the written waiver introduced at the proceedings.

Thus, statutory requirements were satisfied *(see, People v Hodge,* 141 AD2d 843; *see also, People v Higley,* 70 NY2d 624).

We are unpersuaded that the court erred in denying the defendant's motion to produce two identification witnesses at the *Wade* hearing. As recently noted by the Court of Appeals, a defendant does not have an unqualified right to call a complainant or identifying witness at such a hearing *(see, People v Chipp,* 75 NY2d 327). In this regard the inquiry must be focused on whether the hearing evidence raises substantial issues as to the constitutionality of the identification procedure *(see, People v Chipp, supra),* whether the People's evidence regarding the identification procedure is "notably incomplete" *(see, People v Sokolyansky,* 147 AD2d 722), or the defendant otherwise establishes a need for the witness's testimony *(see, People v Ocasio,* 134 AD2d 293). In light of the fact that the defendant failed to make such a showing, his motion in this regard was properly denied *(see, People v James,* 159 AD2d 723).

Due to the fact that there was no proof that the defendant entered or remained upon a premises unlawfully, we conclude that the defendant's conviction of burglary in the first degree must be vacated *(People v Bailey,* 146 AD2d 788, *supra).*

We have considered the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, and find them to be without merit. Thompson, J. P., Rubin, Rosenblatt and Miller, JJ., concur.