■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY BARTON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Beerman, J.), rendered March 8, 1988, convicting him of attempted murder in the second degree, robbery in the first degree (three counts), assault in the first degree, grand larceny in the second degree, assault in the second degree, and criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial (Naro, J.), after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the matter is remitted to the Supreme Court, Queens County, to hear and report, after a de novo *Wade* hearing, on that branch of the defendant's omnibus motion which was to suppress identification testimony, and the appeal is held in abeyance in the interim; the Supreme Court is directed to file its report with this court with all convenient speed.

At the defendant's pretrial suppression hearing, the prosecution called Detective Robert Hyland as its only witness. Insofar as relevant to this appeal, Detective Hyland testified that he exhibited photographs to the complainant and another witness and obtained identifications of the defendant. He also explained that another detective subsequently transported the complainant to the precinct to view a lineup procedure prepared by Detective Hyland. The complainant identified the defendant from this lineup as his assailant. On cross-examination, the defendant's attorney was precluded from questioning Detective Hyland regarding whether the complainant was medicated at the time he made the photographic identifications, whether any other police personnel or civilians were present at the time the complainant and the other witness made the photographic identifications, and the identity of the detective who transported the complainant to the precinct to view the lineup. Moreover, despite the defense counsel's request that the prosecution produce or identify the latter detective so that the defense could call him as a witness to testify on the issue of possible suggestiveness, the trial prosecutor refused to comply and the hearing court declined to direct the prosecutor to furnish this information.

We reject the defendant's contention that the composition of the photograph and lineup procedures rendered them inherently suggestive. An examination of the group photograph, the photographic array, and the lineup photographs reveal that the defendant did not "stand out" in any of these procedures and that each was fair, reasonable and nonsuggestive on its face (see generally, People v Tedesco, 143 AD2d 155). There was nothing inherently suggestive in the fact that there were two separate showings of photographs to the complainant (see, People v Jones, 125 AD2d 333; People v Malphurs, 111 AD2d 266). Additionally, the defendant's counsel was properly precluded from engaging in questioning as to whether the complainant was taking medication at the time he made the photographic identifications, inasmuch as this topic is irrelevant to the ultimate question of whether the identifications resulted from impermissibly suggestive police conduct.

However, we agree with the defendant's claim that the hearing court erred in precluding inquiry into the possible presence of other individuals during the photographic identification procedures and as to the identity of the detective who transported the complainant to the precinct for the purpose of viewing the lineup. As we have consistently held, a defendant has the right to explore the circumstances under which an

identification is made, and is not required to accept the testimony of the People's police witness on this issue at face value *(see, People v Sokolyansky,* 147 AD2d 722; *People v Ocasio,* 134 AD2d 293). Accordingly, the defendant is entitled to a de novo hearing limited to the issue of the suggestiveness, if any, of the identification procedures in this case. At the hearing he should be permitted to elicit testimony regarding the presence and identity of other persons, if any, at the photographic identifications, as well as the identity of the detective who transported the complainant to the lineup, and to call any appropriate witnesses *(see, e.g., People v Sokolyansky, supra; People v Ocasio, supra; People v Ingram,* 120 AD2d 814). Brown, J. P., Kooper, Sullivan and Harwood, JJ., concur.