■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARVIN BROWN, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (LaCava, J.), rendered February 20, 1990, convicting him of attempted murder in the first degree (two counts), aggravated assault on a police officer, assault in the first degree (two counts), reckless endangerment in the first degree (two counts), attempted aggravated assault on a police officer, trespass, criminal possession of a weapon in the second degree (two counts), criminal possession of a weapon in the third degree (two counts), criminal use of a firearm in the first degree, and criminal use of a firearm in the second degree, upon his plea of guilty, and imposing sentence. Assigned counsel has submitted a brief in accordance with *Anders v California* (386 US 738) in which he moves to be relieved of the assignment to prosecute this appeal.

Ordered that the motion is granted, Joseph S. Sayegh is relieved as attorney for the defendant, the brief filed by him on behalf of the defendant is stricken, and he is directed to turn over all papers in his possession to new counsel assigned herein; and it is further,

Ordered that Arza Feldman of 1200 Veterans Memorial Highway, Hauppauge, N. Y., 11788, is assigned as counsel to perfect the appeal; and it is further,

Ordered that the People are directed to furnish a copy of the stenographic minutes to the new assigned counsel; and it is further,

Ordered that new counsel shall serve and file a brief on behalf of the defendant within 90 days of the date of this decision and order and the People shall serve and file their brief within 120 days of the date of this decision and order; by prior decision and order of this court, the defendant was granted leave to prosecute the appeal on the original papers (including the typewritten stenographic minutes) and on the typewritten briefs of the parties, who were directed to file nine copies of their respective briefs and to serve one copy on one another.

Based on this court's independent review of the record, we conclude that nonfrivolous issues exist with respect, *inter alia,* to the defendant's motion to suppress identification testimony. Under the circumstances, the motion of the defendant's assigned counsel to be relieved is granted and new appellate counsel is assigned *(see, People v Casiano,* 67 NY2d 906; *People v Gonzalez,* 47 NY2d 606). Bracken, J. P., Harwood, Eiber and O'Brien, JJ., concur.