■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR WHITE, Appellant.—Appeal by the defendant from two judgments of the Supreme Court, Queens County (Friedmann, J.), both rendered January 23, 1987, convicting him of criminal possession of a controlled substance in the second degree under Indictment No. 2950/86 and grand larceny in the third degree under Indictment No. 2994/86, respectively, upon his pleas of guilty, and imposing sentences. The appeal from the judgment rendered under Indictment No. 2994/86 brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the matter is remitted to the Supreme Court, Queens County, to hear and report on the branch of the defendant's omnibus motion which was to suppress physical evidence, after a de novo suppression hearing, and the appeals are held in abeyance in the interim; the Supreme Court is directed to file its report with this court with all convenient speed.

The People concede that the court erred in conducting portions of the defendant's suppression hearing in his absence and over the defense counsel's objections. Accordingly, the matter must be remitted for a de novo suppression hearing

*(cf., People v Barton,* 164 AD2d 917; *People v Ocasio,* 134 AD2d 293; *People v Robinson,* 118 AD2d 516). The People's contention that the foregoing claim of error was forfeited upon the entry of his pleas is without merit *(see,* CPL 710.70 [2]), as is their alternate assertion that the claim was waived *(cf., People v Parker,* 57 NY2d 136, 140; *People v Gaines,* 144 AD2d 941). Thompson, J. P., Bracken, O'Brien and Santucci, JJ., concur.