■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TROY MITCHELL, Appellant.—Appeal by the defendant from an amended judgment of the County Court, Suffolk County (Hurley, J.), rendered June 13, 1991, revoking a sentence of probation previously imposed by the same court, upon a finding that he had violated a condition thereof, after a hearing, and imposing a sentence of imprisonment upon his previous conviction of driving while intoxicated as a felony and aggravated unlicensed operation of a motor vehicle in the second degree.

Ordered that the amended judgment is affirmed.

The defendant's contention that the People failed to prove that he violated the conditions of his probation by a prepon-

derance of the evidence is without merit. The hearing court fully credited the probation officer's testimony that the defendant had missed numerous appointments, that he had failed to enter an alcoholism treatment program, and that he had consumed alcohol on at least one occasion. It is well established that resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the finder of fact, which saw and heard the witnesses (see, People v Gaimari, 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86, 88). Here, the record supports the findings of the hearing court (see, People v Morillo, 159 AD2d 310).

Moreover, it was not an improvident exercise of discretion for the court to deny defense counsel's request for an adjournment of the sentencing for an unspecified period of time merely because the defendant wished to accumulate "good time" credit toward some future sentence that might be imposed in a pending, but unrelated, criminal case against him (see, CPL 380.30 [3]; People v Reising, 106 AD2d 522).

Finally, the sentence imposed was neither harsh nor excessive (see generally, People v Suitte, 90 AD2d 80; People v Notey, 72 AD2d 279). Mangano, P. J., Harwood, Balletta and Eiber, JJ., concur.