■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FORREST FORD, Appellant.—Appeal by the defendant from an amended judgment of the County Court, Orange County (Pano Z. Patsalos, J.), rendered June 20, 1991, revoking a sentence of probation previously imposed by the same court, upon a finding that he had violated a condition thereof, upon his admission, and imposing a sentence of imprisonment upon his previous conviction of attempted criminal sale of a controlled substance in the third degree.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL FORD, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Juviler, J.), rendered September 18, 1990, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Aiello, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant argues that since the sole witness at the *Wade* hearing, a police detective, could not state whether the initial identification of the defendant by an eyewitness was the product of suggestive police procedures, he should have been allowed to call the identifying witness to testify at the hearing. However, since the defendant's request to call the witness was conditioned on the court finding that the photo-

graphic array was suggestive and since he raised no objection after the court determined that the array was not suggestive, the issue has not been properly preserved for appellate review.

In any event, the defendant's argument is without merit. It is established that a defendant does not have an unqualified right to call the complaining or identifying witness at a *Wade* hearing *(see, People v Chipp,* 75 NY2d 327, *cert denied* 498 US 833), and that this right is generally triggered only when the hearing record raises substantial issues as to the constitutionality of the identification procedure *(People v Chipp, supra),* or where the People's evidence is "notably incomplete" *(see, People v Sokolyansky,* 147 AD2d 722), or where the defendant otherwise establishes a need for the witness's testimony *(see, People v Ocasio,* 134 AD2d 293).

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Any inconsistencies in the testimony or the other evidence presented in the case merely created issues of credibility and issues of the weight to be accorded the evidence. Those issues are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Here, the record amply supports the jury's findings. Further, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]). Sullivan, J. P., Balletta, O'Brien and Copertino, JJ., concur.