■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRED NORRIS, Appellant.—Appeal by the defendant from an amended judgment of the County Court, Suffolk County (Vaughn, J.), rendered February 5, 1992, revoking a sentence of probation upon a finding that he had violated a condition thereof, after a hearing, and imposing a sentence of imprisonment upon his prior conviction of criminal sale of a controlled substance in the third degree, after a plea of guilty.

Ordered that the amended judgment is reversed, as a matter of discretion in the interest of justice, and a new hearing is ordered. The facts have been considered and are determined to have been established.

The defendant's contention that the People failed to prove he violated the conditions of his probation by a preponderance of the evidence is without merit. The hearing court fully credited the probation officer's testimony that the defendant had missed numerous appointments and had failed to report for urine analysis on February 11, 1991. This testimony alone was sufficient to support the finding that the defendant violated the terms and conditions of his probation *(see, People v Mitchell,* 184 AD2d 737).

We find, however, that reversal is warranted based upon the court's failure to grant the defendant's request for an adjournment. It is well established that the decision as to whether to grant or to refuse an adjournment is ordinarily committed to the sound discretion of the trial court *(see, People v Brown,* 177 AD2d 584). However, an abuse or improvident exercise of discretion may occur where the refusal to grant an adjourn-

ment results in the deprivation of a defendant's fundamental right to confer with counsel *(see, People v Spears,* 64 NY2d 698).

In the instant case, the attorney assigned to the defendant's case was out of State and would not return until February 14, 1992. Accordingly, the associate who appeared in court on February 5, 1992, requested an adjournment until the attorney assigned to the case returned. The associate unequivocally stated that the defense counsel's file indicated that the case was on for a conference and that he was not prepared to go forward with a hearing. The associate further advised the court that no one in the office had had an opportunity to discuss the case with the defendant (who had been arraigned just a few days earlier on January 31, 1992) and that the defendant was not prepared to defend himself at the hearing. The defendant himself also indicated that he had not had time to prepare. The court responded that the case was scheduled for a violation of probation hearing and that it intended to proceed. We find that the court's refusal to grant an adjournment under the circumstances herein implicated the defendant's fundamental right to effectively confer with counsel *(see, People v Spears, supra;* NY Const, art I, § 6; *see also, People v Speller,* 133 AD2d 865), and constituted an improvident exercise of discretion. Even if the associate from the defense counsel's office was mistaken and the case was actually scheduled for a hearing, it was clearly apparent that neither he nor the defendant was ready to proceed. Under these circumstances, the inconvenience that would have resulted from a short adjournment did not outweigh the prejudice suffered by the defendant.

In light of the foregoing, we do not reach the defendant's remaining contention. Thompson, J. P., Balletta, Rosenblatt and Eiber, JJ., concur.