■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT BRYAN, Also Known as ROBERT BROWN, Appellant. [671 NYS2d 271] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rotker, J.), rendered February 27, 1996, convicting him of robbery in the first degree and robbery in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The court properly denied the defendant's request to call the complainant to testify at the *Wade* hearing based on testimony by the defendant's mother that the complainant saw the defendant in the police station prior to the lineup. There were no substantial issues as to the constitutionality of the lineup (*see, People v Chipp,* 75 NY2d 327, 338, *cert denied* 498 US 833), the People's evidence was not "notably incomplete" (*People v Sokolyansky,* 147 AD2d 722, 723), and the defendant did not demonstrate a need for the witness's testimony (*see, People v Harvall,* 196 AD2d 553). The court's determination that the defendant's mother was not credible should be afforded great weight and should not be disturbed unless clearly unsupported by the evidence (*see, People v Prochilo,* 41 NY2d 759; *People v Jackson,* 200 AD2d 690).

The defendant's contention that the evidence was legally insufficient is unpreserved for appellate review (*see,* CPL 470.05 [2]; *People v Udzinski,* 146 AD2d 245). In any event, viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant's sentence was not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contention is unpreserved for appellate review. Joy, J. P., Krausman, Florio and Luciano, JJ., concur.