■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK SANTIAGO, Appellant. [696 NYS2d 472] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Latella, J.), rendered June 24, 1997, convicting him of robbery in the first degree, robbery in the second degree, and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

It is well settled that a defendant does not have an absolute, unqualified right to examine the complaining or identifying witness at a *Wade* hearing (*see, United States v Wade,* 388 US 218; *People v Chipp,* 75 NY2d 327, 337, *cert denied* 498 US

833; *People v Christenson,* 188 AD2d 659). To the contrary, this right is generally triggered only when the hearing record raises substantial issues as to the constitutionality of the identification procedure (*see, People v Chipp, supra*), where the People's evidence is " 'notably incomplete' " (*People v Sokolyansky,* 147 AD2d 722, 723, citing *People v Ocasio,* 134 AD2d 293, 294), or where the defendant otherwise establishes a need for the witness's testimony (*see, People v Ocasio, supra*). Contrary to the defendant's contention, the testimony presented at the *Wade* hearing did not raise a substantial issue as to the constitutionality of the identification procedures.

The defendant's claims of prosecutorial misconduct during the opening and closing statements refer to issues which are largely unpreserved for appellate review (*see,* CPL 470.05 [2]). In any event, the challenged comments did not constitute reversible error. A prosecutor has broad latitude during summation, particularly when responding to the defense counsel's summation (*see, People v Galloway,* 54 NY2d 396). Most of the prosecutor's remarks in the case at bar can be characterized as fair response to the defense counsel's summation, and as accurately reflecting the testimony at the trial (*see, People v Rosario,* 195 AD2d 577; *People v Rivera,* 158 AD2d 723). In any event, the court's forceful instructions after each alleged improper comment ameliorated any prejudice that might have resulted from the prosecutor's statements (*see, People v Rodriguez,* 174 AD2d 763; *see also, People v West,* 237 AD2d 470). Moreover, the evidence of the defendant's guilt was overwhelming, rendering any error harmless (*see, People v Crimmins,* 36 NY2d 230; *cf., People v Cruz,* 98 AD2d 726).

Furthermore, the defendant's allegation that the testimony of a police officer bolstered the complainant's identification testimony in violation of the principles enunciated in *People v Trowbridge* (305 NY 471) is without merit since the testimony does not refer to the victim's identification of the defendant (*see, People v West,* 56 NY2d 662; *People v Moore,* 159 AD2d 521, 522).

The defendant's remaining contentions are without merit. Ritter, J. P., Joy, H. Miller and Smith, JJ., concur.