■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERREL REILY, Also Known as TERREL REILLY, Appellant. [759 NYS2d 178] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lott, J.), rendered March 12, 2001, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the matter is remitted to the Supreme Court, Kings County, to hear and report on that branch of the defendant's omnibus motion which was to suppress identification testimony, and the appeal is held in abeyance in the interim. The Supreme Court, Kings County, shall file its report with all convenient speed.

Prior to the commencement of the pretrial suppression hearing, the defense counsel raised the issue of the need for his testimony at the hearing. Pursuant to an ex parte offer of proof, the defense counsel stated that he was present for a lineup procedure pursuant to which the defendant was identified, and that the procedure was rendered unduly suggestive by police misconduct. Specifically, the defense counsel asserted that the police officer conducting the lineup, after alerting the identifying witness to the defendant's presence in the lineup, twice signaled the defendant's seat number to the identifying witness. This occurred after a prior lineup procedure during which the same witness made a misidentification. The Supreme Court denied counsel's request, asserting, "at this point we are proceeding with cross-examination. If, in fact, it becomes necessary you will ultimately be a witness, then I may get [replacement] counsel. But, at this point, I haven't heard anything that I don't think you cannot develop on cross." During cross-examination, the officer in question, inter alia, denied that he had signaled the identifying witness in any manner. The Supreme Court denied the defense counsel's renewed request to testify. This was error. The Supreme Court should have permitted the defense counsel to testify (cf. *People v Chipp,* 75 NY2d 327 [1990], *cert denied* 498 US 833 [1990]; *People v Smith,* 34 NY2d 758 [1974]; *People v Amato,* 173 AD2d 714 [1991], *cert denied* 502 US 1058 [1992]; *People v Rivera,* 172 AD2d 633 [1991]; *People v Barton,* 164 AD2d 917 [1990]). Accordingly, the matter is remitted to the Supreme Court, Kings County, for further proceedings on that branch of the defendant's omnibus motion which was to suppress identification testimony, and the appeal is held in abeyance in the interim. Ritter, J.P., Smith, S. Miller and Schmidt, JJ., concur.