**Stephen Samuel ALLEN, Petitioner–
Appellant,**

v.

**Daniel A. SENKOWSKI, Respondent–
Appellee.**

No. 02–2218.

United States Court of Appeals,
Second Circuit.

May 3, 2004.

David Samel, New York, NY, for Appellant.

Morgan J. Dennehy (Charles J. Hynes, District Attorney, Leonard Joblove, Victor

Barall, Assistant District Attorneys, Kings County), Brooklyn, NY, for Appellee, of counsel.

Present: SACK, SOTOMAYOR, Circuit Judges, and Lewis A. KAPLAN, District Judge.*

**SUMMARY ORDER**

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment be, and it hereby is, AFFIRMED.

This appeal follows the dismissal by the district court of a petition under 28 U.S.C. § 2254 filed by the petitioner-appellant Stephen Samuel Allen challenging the New York State trial court's denial of his application to present the testimony of one additional alibi witness, Anthony Foster, and to present as testimony at trial the grand jury testimony of another alibi witness, Iris Taitt.

This Court reviews a district court's denial of a petition under section 2254 *de novo* and reviews a district court's findings of fact in connection thereof for clear error. *Ortega v. Duncan,* 333 F.3d 102, 106 (2d Cir.2003).

Because the Appellate Division "considered [Allen's] ... contentions, including those raised in his supplemental *pro se* brief, and [found] them to be without merit," *People v. Allen,* 558 N.Y.S.2d 121, 122, 163 A.D.2d 396, 398 (1990), the Antiterrorism and Effective Death Penalty Act ("AEDPA") applies. *See Dallio v. Spitzer,* 343 F.3d 553, 560 (2d Cir.2003). Under AEDPA, a writ of habeas corpus cannot be granted "unless the adjudication of the claim resulted in a decision that was contrary to, or involved an unreasonable ap-

plication of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

■ The trial court's decision to preclude Foster's alibi testimony was not contrary to Supreme Court precedent. In *Taylor v. Illinois,* 484 U.S. 400, 108 S.Ct. 646, 98 L.Ed.2d 798 (1988), the Court declined to "draft a comprehensive set of standards to guide the exercise of discretion in every possible case [of witness preclusion]," *id.* at 414, instead holding that "the mere invocation of [the right to call witnesses] cannot automatically and invariably outweigh countervailing public interests," *id.* In this case, Foster's testimony was excluded because of both the trial court's stated concern for the fair and efficient administration of justice and its concern that a hastily accepted witness would present unreliable evidence and undermine the truth-determining function of the trial.

■ Similarly, the trial court's decision not to introduce the grand jury testimony of Iris Taitt was neither contrary to nor an unreasonable application of Supreme Court precedent. Allen does not cite, nor could we find, any Supreme Court case that holds that a trial court's decision not to introduce grand jury testimony, based, as it was in this case, on the lateness of the application, the cumulative nature of the testimony, and the lack of affidavits supporting Allen's request, is unconstitutional.

■ Finally, Allen asks us to address whether the trial court erred in rejecting his request for a continuance to allow Iris Taitt to testify. No certificate of appealability was issued on this issue. "We will not address a claim not included in the

---

* Of the United States District Court for the Southern District of New York, sitting by des-

ignation.

certificate of appealability." *Armienti v. United States,* 234 F.3d 820, 824 (2d Cir. 2000). We see no reason to deviate from that general rule here.

For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.