THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GAMEL CHERRY, Appellant. [812 NYS2d 550]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Gerges, J.), rendered July 29, 2003, convicting him of assault in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the matter is remitted to the Supreme Court, Kings County, for a de novo suppression hearing and a report thereafter, on that branch of the defendant's omnibus motion which was to suppress identification testimony, and the appeal is held in abeyance in the interim; the Supreme Court shall file its report with all convenient speed.

A pretrial *Wade* hearing (*see United States v Wade*, 388 US 218 [1967]) was held to determine the legality of the defendant's lineup identifications by Police Detectives Arthur Marquez and John Robert. At the hearing, Detective Leonard Cocco testified that at a pretrial identification lineup, Marquez and Robert identified the defendant as an individual who was present when a shooting occurred. Cocco also testified that pictures of the defendant were disseminated at local police precincts and in the newspaper. The hearing court precluded the defendant from questioning the identification witnesses concerning whether they viewed pictures of the defendant prior to identifying him.

A defendant does not have an absolute, unqualified right to examine the complaining or identifying witness at a *Wade* hearing (*see United States v Wade, supra*; *People v Chipp*, 75 NY2d 327, 337 [1990], *cert denied* 498 US 833 [1990]). "To the contrary, this right is generally triggered only when the hearing record raises substantial issues as to the constitutionality of the identification procedure . . . , where the People's evidence is 'notably incomplete . . .' , or where the defendant otherwise establishes a need for the witness's testimony" (*People v Santiago*, 265 AD2d 351, 352 [1999] [citations omitted]; *see People v Ocasio*, 134 AD2d 293 [1987]). The testimony presented at the *Wade* hearing raised a substantial issue as to the constitutionality of the identification procedures, and the hearing court erred in precluding the defendant from questioning the identifying

witnesses. Cocco's testimony at the *Wade* hearing left open the possibility that the identifying witnesses' identification of the defendant was based upon previously-viewed photographs (*see People v Chipp, supra; People v Ocasio, supra*). Since the defendant acted in good faith and in a timely manner to call these witnesses, the hearing court erred in denying his request (*see People v Spears*, 64 NY2d 698, 700 [1984]). Accordingly, we hold the determination of this appeal in abeyance and remit the matter to the Supreme Court, Kings County, for a de novo suppression hearing, at which the defendant may call the appropriate witnesses to determine the illegality, if any, of the witnesses' identifications and for a report thereafter (*see People v Ocasio, supra* at 294-295).

In light of our determination, we decide no other issues at this time. Schmidt, J.P., Krausman, Luciano and Covello, JJ., concur.