11-1279-pr
Reily v. Ercole

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 8th day of August, two thousand twelve.

PRESENT: RALPH K. WINTER,
         DENNY CHIN,
         CHRISTOPHER F. DRONEY,
                   Circuit Judges.

- - - - - - - - - - - - - - - - - - - -x

TERREL REILY,
         Petitioner-Appellant,

         -v.-                                    11-1279-pr

ROBERT ERCOLE,
         Respondent-Appellee.

- - - - - - - - - - - - - - - - - - - -x

FOR PETITIONER-APPELLANT:      RANDOLPH Z. VOLKELL, Merrick, New York.

FOR RESPONDENT-APPELLEE:       VICTOR BARALL, Assistant District Attorney (Leonard Joblove, Ann Bordley, Assistant District Attorneys, on the brief), for Charles J. Hynes, Kings County District Attorney, Brooklyn, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Vitaliano, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Petitioner-appellant Terrel Reily appeals from the district court's judgment of November 30, 2010, entered pursuant to its memorandum and order of November 30, 2010, denying Reily's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, and issuing a certificate of appealability as to Reily's due process and ineffective assistance of counsel claims. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

On September 8 and September 11, 2000, the Supreme Court, Kings County (Lott, <u>J.</u>), conducted a pre-trial hearing pursuant to <u>United States v. Wade</u>, 388 U.S. 218 (1967). Prior to the start of the <u>Wade</u> hearing, defense counsel made an application requesting that the trial court assign independent counsel so that he could testify at the <u>Wade</u> hearing and at trial about alleged signaling by a police detective to Paulette Patterson, an eyewitness, during a lineup on September 6, 2000. The trial court denied the application, stating:

> [A]t this point, we are proceeding with cross-examination. If, in fact, it becomes necessary you will ultimately be a witness, then I may get [replacement] counsel. But at this point, I haven't heard anything that I [ ] think cannot [be] develop[ed] on cross.

(RA 47). After the state rested at the hearing, defense counsel again asserted that he would like to testify; the trial court denied defense counsel's request. Once trial had commenced,

-2-

however, defense counsel never renewed his request to testify, and thus, the issue was not revisited by the trial court.

The jury found Reily guilty, and on March 12, 2001, the trial court entered judgment against Reily, convicting him of murder in the second degree in violation of N.Y. Penal Law § 125.25[1], [2]. Reily was sentenced to a term of imprisonment of 25 years to life.

Reily appealed the judgment of the trial court to the Appellate Division, Second Department, contending, inter alia, that the trial court erred in precluding defense counsel from testifying. On May 5, 2003, the Appellate Division concluded that defense counsel should have been permitted to testify at the Wade hearing and remitted the case to the trial court for further proceedings. People v. Reily, 759 N.Y.S.2d 178, 179 (2d Dep't 2003). The trial court subsequently held a hearing and issued a report to the Appellate Division, concluding that the September 6, 2000 lineup was not suggestive. In essence, the trial court concluded that the error in not permitting counsel to testify at the hearing was harmless.

On December 20, 2004, the Appellate Division, after reviewing the trial court's report, affirmed the judgment of conviction. People v. Reily, 787 N.Y.S.2d 657, 658 (2d Dep't 2004). The Appellate Division noted that Reily's "remaining contentions," including his claim that the trial court deprived him of due process by not permitting his attorney to testify at trial, were "unpreserved for appellate review or without merit." Id. On March 4, 2005, Judge Albert M. Rosenblatt of the New York

Court of Appeals denied Reily's application for leave to appeal. People v. Reily, 4 N.Y.3d 834, 834 (2005). On May 13, 2008, the Appellate Division denied Reily's application for a writ of error coram nobis to vacate the conviction for ineffective assistance of counsel. People v. Reily, 856 N.Y.S.2d 864, 864 (2d Dep't 2008).

In the instant appeal, Reily argues that the district court erred in dismissing his habeas petition for two primary reasons. First, Reily contends that he was denied due process when the trial court precluded defense counsel from testifying at trial -- an error that Reily argues was not harmless. See Brief of Petitioner-Appellant (Reily) at 9, Reily v. Ercole, No. 11-1279-pr (2d Cir. Nov. 7, 2011) ("[D]efense counsel's testimony could still have been sufficient to raise a reasonable doubt in the jury's minds."). Second, Reily contends that he was denied the effective assistance of counsel because his defense counsel was also a potential witness and the trial court did not appoint independent counsel. Upon de novo review of the district court's denial of Reily's habeas petition, we conclude that the district court did not err in dismissing Reily's petition. See Wood v. Ercole, 644 F.3d 83, 90 (2d Cir. 2011),

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a federal court may not grant a habeas petition on a claim that was adjudicated on the merits in state court unless that adjudication "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by

-4-

the Supreme Court of the United States."  28 U.S.C. § 2254(d)(1); see Cullen v. Pinholster, 131 S. Ct. 1388, 1398 (2011); Watson v. Greene, 640 F.3d 501, 508 & n.7 (2d Cir. 2011) (applying AEDPA deference where Appellate Division held claim was "either . . . unpreserved for appellate review, without merit, or [did] not require reversal" because such holding was on merits (internal quotation marks and citations omitted)).

Upon de novo review of a district court's denial of a petition for a writ of habeas corpus, see Parker v. Ercole, 666 F.3d 830, 834 (2d Cir. 2012), we conclude that the Appellate Division did not unreasonably apply clearly established Supreme Court precedent in rejecting Reily's claims with respect to defense counsel taking the stand and the appointment of independent counsel at trial, see 28 U.S.C. § 2254(d)(1).

First, as to Reily's due process claim, Reily argues that the trial court's denial of defense counsel's request to testify at trial was not harmless.  At the Wade hearing, however, the trial court left open the possibility of revisiting defense counsel's request to testify at trial, but defense counsel never renewed the request at trial.  The purpose of a Wade hearing is only to determine whether there is sufficient evidence of the reliability of an identification to allow it to be introduced at trial.  See Brisco v. Ercole, 565 F.3d 80, 85 (2d Cir. 2009). The dispositive weighing of the testimony and assessment of credibility is left to the jury.  Because the trial court found that the testimony of Reily's counsel at the Wade hearing would

not have prevented presentation of the identification at trial, the trial court denied the request to testify while deferring a decision on allowing it at trial.  Counsel, however, made no request to testify at trial.  Further, any error that may have existed could have been cured if defense counsel had re-raised the issue.  We cannot fault the trial court for not raising the issue sua sponte as defense counsel failed to renew the request to testify.

Second, as to the ineffective assistance of counsel claim -- that the trial court should have appointed independent counsel because defense counsel was a possible witness -- the trial court was never asked to revisit the appointment of independent counsel after the Wade hearing.  This claim thus also fails.  The trial court cannot be faulted for failing to appoint independent counsel at trial when the request was never renewed.

We have considered Reily's remaining arguments and find them to be without merit.  Accordingly, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK
