The People of the State of New York, Respondent,
against
Robert O'Neill, Appellant.




David A. Mansfield, for appellant.
Suffolk County Traffic Prosecutor's Office (Justin W. Smiloff of counsel), for respondent.

Appeal from two judgments of the District Court of Suffolk County, Suffolk County Traffic and Parking Violations Agency (Kenneth S. Diamond, J.H.O.), rendered February 16, 2016. The judgments, after a nonjury trial, convicted defendant of operating an unregistered vehicle and operating an uninsured motor vehicle, respectively, and imposed sentences.




ORDERED that the judgments of conviction are reversed, on the law, and the matters are remitted to the District Court of Suffolk County, Suffolk County Traffic and Parking Violations Agency, for a new trial.
Defendant was charged in separate simplified traffic informations with operating an unregistered vehicle (Vehicle and Traffic Law § 401 [1] [a]) and operating an uninsured motor vehicle (Vehicle and Traffic Law § 319 [1]), respectively. The record demonstrates that, on the scheduled trial date, defendant informed the court that his attorney was not present because he was on vacation and, in effect, requested an adjournment. The judicial hearing officer did not grant an adjournment and proceeded to trial. After the nonjury trial, defendant was convicted of the charged offenses.
Following the filing with a local criminal court of a simplified information, a defendant has the right to the aid of counsel at every stage of the action (see CPL 170.10 [1], [3]; see People v Linden, 52 Misc 3d 134[A], 2016 NY Slip Op 51019[U] [App Term, 2d Dept, 9th & [*2]10th Jud Dists 2016]; People v Agbimson, 51 Misc 3d 150[A], 2016 NY Slip Op 50841[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2016]). In fact, "the court must not only accord him opportunity to exercise such right[] but must itself take such affirmative action as is necessary to effectuate [it]" (CPL 170.10 [4] [a]; see People v Javaherforoush, 52 Misc 3d 135[A], 2016 NY Slip Op 51030[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2016]). Indeed, "[r]egardless of the kind or nature of the charges, a defendant who proceeds at the arraignment without counsel does not waive his right to counsel, and the court must inform him that he continues to have such right . . . and that he may exercise such rights at any stage of the action" (CPL 170.10 [6]). While it is well settled that the "granting of an adjournment for any purpose is a matter of discretion for the trial court" (People v Singleton, 41 NY2d 402, 405 [1977]; see People v Spears, 64 NY2d 698, 699-700 [1984]; People v Green, 74 AD3d 1899 [2010]), we find that the court's failure to grant a brief adjournment, under the circumstances presented herein, where defendant had informed the court that his attorney was temporarily unavailable, constituted an improvident exercise of discretion (see Matter of Bauer, 3 NY3d 158, 160 [2004]; People v Norris, 190 AD2d 871 [1993]; Agbimson, 51 Misc 3d 150[A], 2016 NY Slip Op 50841[U]). Moreover, while defendant may not have complied with the Suffolk County Traffic and Parking Violations Agency's formal adjournment request procedure, his noncompliance did not abridge his statutory right to an adjournment where, as here, the circumstances warranted it (see CPL 170.10 [3] [a]; Javaherforoush, 52 Misc 3d 135[A], 2016 NY Slip Op 51030[U]; People v Gumbs, 35 Misc 3d 149[A], 2012 NY Slip Op 51114[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2012]). 
We find defendant's remaining contentions to be either unpreserved for appellate review or without merit.
Accordingly, the judgments of conviction are reversed and the matters are remitted to the District Court of Suffolk County, Suffolk County Traffic and Parking Violations Agency, for a new trial.
RUDERMAN, J.P., ADAMS and TOLBERT, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: October 24, 2019