■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY J. TAYLOR, Appellant. [642 NYS2d 107] —Judgment unanimously affirmed. Memorandum: The contention that defendant was denied effective assistance of counsel is without merit. "[T]he evidence, the law, and the circumstances of [the] * * * case, viewed in totality and as of the time of the representation, reveal that [his] attorney provided meaningful representation" (*People v Baldi,* 54 NY2d 137, 147; *see, People v Russo,* 85 NY2d 872, 874; *People v Hobot,* 84 NY2d 1021; *People v Flores,* 84 NY2d 184, 187-188). Although County Court should have sustained defense counsel's objection to the prosecutor's statement on summation that the trial testimony of one of the complainants matched her description of the incident before trial, the error is harmless (*see, People v Crimmins,* 36 NY2d 230, 241-242). Further, the bolstering of the complainant's testimony by the prosecutor on summation was "not so egregious that defendant was deprived of a fair trial" (*People v Plant,* 138 AD2d 968, *lv denied* 71 NY2d 1031). The contention that defendant was denied a fair trial because of other alleged instances of prosecutorial misconduct is not preserved for our review (*see,* CPL 470.05 [2]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]).

The contentions of defendant in his *pro se* briefs that the prosecutor knowingly elicited perjured testimony and abused the use of a subpoena duces tecum are based upon matters outside the record. Defendant's remedy with respect to those contentions is a motion for postjudgment relief (*see,* CPL 440.10 [1] [f]; *People v Larrabee,* 201 AD2d 924, *lv denied* 83 NY2d 855). The further contentions in defendant's *pro se* briefs that the court erred in failing to provide more extensive jury instructions on the issue of forcible compulsion and in failing, *sua sponte,* to submit lesser included offenses to the jury are not preserved for our review (*see,* CPL 470.05 [2]), and we decline to exercise our power to review them as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]).

Upon our review of the record, we conclude that defendant's conviction of sexual abuse in the first degree and of endangering the welfare of a child is supported by legally sufficient evidence and is not against the weight of the evidence (*see, People v Bleakley,* 69 NY2d 490, 495). Finally, we conclude that the remaining contention of defendant is without merit. (Appeal from Judgment of Wayne County Court, Strobridge, J.—Rape, 1st Degree.) Present—Lawton, J. P., Fallon, Callahan, Doerr and Boehm, JJ.