■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GABRIEL JIMINEZ, Appellant. [664 NYS2d 775] —Judgment, Supreme Court, Bronx County (Frank Torres, J.), rendered October 11, 1995, convicting defendant, after a jury trial, of criminal possession of a weapon in the third and fourth degrees, and sentencing him, as a second felony offender, to concurrent prison terms of 2 to 4 years and 1 year, respectively, unanimously modified, on the law, to the extent of vacating the conviction for criminal possession of a weapon in the fourth degree, and dismissing that count of the indictment, and otherwise affirmed.

Defendant's guilt of criminal possession of a weapon in the third degree was proven beyond a reasonable doubt and the verdict was not against the weight of the evidence. There was ample evidence, including defendant's attempt to secrete the loaded pistol in his waistband and admitted intent to take the weapon home, warranting the jury's rejection of the defense of temporary, lawful possession (*see, People v Banks*, 76 NY2d 799).

The court appropriately exercised its discretion in denying defendant's application for a mistrial based on a single, unanswered question posed by the prosecutor to a defense witness regarding defendant's prior record. The court prevented any prejudice by delivering a prompt curative instruction, which it must be presumed was understood and followed by the jury (*see, People v Shellman*, 200 AD2d 403, 404, *lv denied* 83 NY2d 858).

The court's supplementary instructions to the jury were appropriate. The court was not obligated to go beyond the jury's specific request for reinstruction regarding the "definition" of criminal possession of a weapon in the fourth degree, where the jury declined the court's offer to give any further instruction that the jurors might require, and defense counsel did not request reinstruction on the temporary lawful possession defense until after the jury had retired to resume deliberations

(*see, People v Almodovar*, 62 NY2d 126, 132). Moreover, the lack of reinstruction on temporary lawful possession could not have affected the jury's deliberations on the charge of criminal possession of a weapon in the third degree, since the court properly instructed the jury, in its main charge, regarding the offered defense (*see, People v Albino*, 104 AD2d 317, *affd* 65 NY2d 843).

Since criminal possession of a weapon in the fourth degree is a lesser included offense of criminal possession of a weapon in the third degree (*People v Menchetti*, 76 NY2d 473, 478), and since, under the circumstances of this case, defendant could not have committed criminal possession of a weapon in the third degree without also committing criminal possession of a weapon in the fourth degree, his conviction of criminal possession of a weapon in the third degree is deemed a dismissal of the inclusory, concurrent charge of criminal possession of a weapon in the fourth degree (*People v Grier*, 37 NY2d 847). Concur—Milonas, J. P., Rosenberger, Rubin, Williams and Colabella, JJ.