■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ORLANDO GREENE, Appellant. [673 NYS2d 143] —Judgment, Supreme Court, New York County (Antonio Brandveen, J.), rendered February 22, 1995, convicting defendant, after a jury trial, of two counts of robbery in the second degree, and sentencing him, as a second felony offender, to concurrent terms of 7½ to 15 years, unanimously affirmed.

The trial court properly exercised its discretion in denying defendant's motion for a mistrial after a police officer inadvertently testified, contrary to the court's prior ruling, that defendant said he had done "time before," since the reference was brief and the court issued prompt curative instructions to the jury to disregard the officer's remark (*see, People v Jiminez*, 244 AD2d 289). The jury is presumed to have understood and followed such instructions (*People v Davis*, 58 NY2d 1102, 1104). This evidence could not have affected the verdict given the overwhelming evidence of defendant's guilt.

The court properly received evidence, with appropriate limiting instructions, concerning a portion of defendant's statement admitting the instant robbery and denying his involvement in others, as well as testimony regarding the events that prompted defendant's statement, since the evidence challenged as suggesting involvement in other crimes was " 'inextricably interwoven' " with defendant's statement, in that this evidence explained what motivated the statement (*People v Ventimiglia*, 52 NY2d 350, 361).

We perceive no abuse of sentencing discretion. Concur—Lerner, P. J., Ellerin, Rubin, Tom and Andrias, JJ.