■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISAAC McCREARY, Appellant. [681 NYS2d 541] —Motion by the appellant for reargument of an appeal from a judgment of the County Court, Nassau County, rendered April 5, 1993, which was determined by decision and order of this Court dated April 13, 1998.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is

Ordered that the motion is denied; and it is further,

Ordered that on the Court's own motion its unpublished decision and order dated April 13, 1998, is recalled and vacated and the following is substituted therefor:

Appeal by the defendant from a judgment of the County Court, Nassau County (Orenstein, J.), rendered April 5, 1993, convicting him of murder in the second degree (three counts), and burglary in the first degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the People (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (see, People v Gaimari, 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

We find no merit to the defendant's claim that he was deprived of the effective assistance of counsel. The record demonstrates that the defendant received meaningful representation from his trial counsel, who presented competent opening and closing statements, vigorously cross-examined the People's witnesses, and made appropriate objections. Thus, viewing the evidence, the law, and the circumstances together as of the time of representation, we find that the defendant was not deprived of the effective assistance of counsel (see, People v Flores, 84 NY2d 184; People v Baldi, 54 NY2d 137; see also, People v Jiminez, 244 AD2d 289; People v Aguilar, 224 AD2d 704; People v DeFina, 213 AD2d 665).

The defendant's sentence was not excessive (see, People v Suitte, 90 AD2d 80, 85).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Mangano, P. J., Copertino, Thompson and McGinity, JJ., concur.