■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EMMANUEL MITCHELL, JR., Appellant. [706 NYS2d 799] —Judgment unanimously affirmed in accordance with the following Memorandum: Defendant was convicted following a jury trial of murder in the second degree (Penal Law § 125.25) and criminal possession of a weapon in the second degree (Penal Law § 265.03). He was sentenced to an indeterminate term of imprisonment of 25 years to life on the murder count and a concurrent indeterminate term of 5 to 15 years on the weapon possession count. Defendant contends that County Court improperly denied his request to call identifying witnesses at the *Wade* hearing. "It is well settled that a defendant does not have an absolute, unqualified right to examine the complaining or identifying witnesses at a *Wade* hearing" (*People v Santiago*, 265 AD2d 351; *see, People v Chipp*, 75 NY2d 327, *cert denied* 498 US 833; *People v Christenson*, 188 AD2d 659, 660, *lv denied*

81 NY2d 968). The right "is generally triggered only when the hearing record raises substantial issues as to the constitutionality of the identification procedure * * * where the People's evidence is 'notably incomplete' * * * or where the defendant otherwise establishes a need for the witness's testimony" (*People v Santiago, supra,* at 352). The People met their initial burden of establishing the reasonableness of the police conduct and the lack of any undue suggestiveness in the pretrial identification procedure, and defendant failed to meet his burden of proving that the procedure was unduly suggestive (*see, People v Chipp, supra,* at 335).

We also reject the contention that the court erred in admitting evidence that defendant was robbed of drugs on a prior occasion. That evidence was admissible to establish defendant's motive for the shooting (*see, People v Alvino,* 71 NY2d 233, 241-242; *People v Zanghi,* 256 AD2d 1120, 1121, *lv denied* 93 NY2d 881) and "to complete the narrative of events to assist the jury in its comprehension of the crime" (*People v Hamid,* 209 AD2d 716, 717, *lv denied* 87 NY2d 973). Defendant further contends that reversal is required based on various instances of alleged prosecutorial misconduct. Only one of those instances of alleged misconduct is preserved for our review, and we decline to exercise our power to review the remaining instances as a matter of discretion in the interest of justice (*see, People v Taylor,* 226 AD2d 1101, *lv denied* 88 NY2d 1025, 89 NY2d 946). The one preserved instance occurred during the prosecutor's summation, and the court advised the jury to disregard the prosecutor's statement. In any event, that statement, viewed in the context of the entire summation, is not so inflammatory or egregious as to amount to a denial of due process (*see, People v Taylor, supra; People v Rubin,* 101 AD2d 71, 77, *lv denied* 63 NY2d 711).

We have considered the remaining contentions of defendant raised in his *pro se* supplemental brief and conclude that they are without merit. (Appeal from Judgment of Erie County Court, Drury, J.—Murder, 2nd Degree.) Present—Pigott, Jr., P. J., Wisner, Scudder and Lawton, JJ. [As amended by unpublished order entered June 16, 2000.]