■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AGUEDO CHAVEZ, JR., Appellant. [713 NYS2d 386] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him following a jury trial of murder in the second degree (Penal Law § 125.25 [1]) in connection with the shooting death of his neighbor on September 14, 1990. Although the Grand Jury initially did not indict defendant, the People moved to re-present the matter in January 1997 when defendant's brother provided evidence of defendant's commission of the crime. The motion was granted, and defendant was indicted for murder in the second degree. The People presented evidence at trial that defendant entered his neighbor's apartment at approximately 1:50 A.M. and fired shots at the three occupants, killing one man and injuring another. The eyewitness who was injured testified at trial and identified defendant as the shooter. The other eyewitness had died by the time of the trial and, contrary to defendant's contention, his testimony from the preliminary hearing in 1990 was properly admitted in evidence (*see,* CPL 670.10 [1]; *People v Arroyo,* 54 NY2d 567, 575, *cert denied* 456 US 979).

Defendant's wife testified for the defense that defendant was with her when she awoke to the sound of gunfire. Defendant contends that he was denied a fair trial by the prosecutor's use of prior inconsistent statements by defendant's wife to impeach her credibility. Those statements consisted of a written statement given to the police and oral statements made to a friend of defendant's wife implicating defendant in the murder. Defendant initially objected to the use of the written statement in cross-examining his wife on the ground that it was not admitted in evidence but thereafter withdrew his objection, and he failed to object to the use of the oral statements. Defendant's present contention therefore is unpreserved for our review (*see,*

CPL 470.05 [2]). Defendant also failed to preserve for our review his contention that Supreme Court erred in failing to instruct the jury that the use of prior inconsistent statements is solely for impeachment purposes (*see, People v Williams,* 37 AD2d 686, 687, *appeal dismissed* 31 NY2d 151; *see also, People v Freeman,* 9 NY2d 600, 605). We decline to exercise our power to review defendant's contentions as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]).

We reject the contention of defendant that he was denied a fair trial by prosecutorial misconduct. The two instances of alleged misconduct that are preserved for our review concern the prosecutor's reference to "the investigator who administered the polygraph" while cross-examining defendant's brother, and the prosecutor's references on summation to the victim and the victim's friends and family. Although those references were improper, the court promptly issued a curative instruction with respect to the reference to the polygraph (*see, People v Mitchell,* 270 AD2d 859, 860), and those two instances of misconduct were not so egregious that defendant was thereby denied a fair trial (*see, People v Taylor,* 226 AD2d 1101, *lv denied* 88 NY2d 1025, 89 NY2d 946). The remaining instances of alleged misconduct are unpreserved for our review, and we decline to exercise our power to review them as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]). We further reject the contention of defendant that he was denied a fair trial as a result of cumulative error.

Defendant contends that the People failed to make a prima facie showing of discrimination concerning his peremptory challenge to a prospective juror. Because the court ruled " 'on the ultimate question of intentional discrimination, the preliminary issue of whether the defendant [or prosecution] had made a prima facie showing becomes moot' " (*People v Payne,* 88 NY2d 172, 182, quoting *Hernandez v New York,* 500 US 352, 359). Finally, we reject the contention of defendant that he was denied the right to a jury of his own choosing based on the court's removal of a juror as grossly unqualified. It is undisputed that, although the juror stated that she could sit as a fair and impartial juror, she was "sobbing and crying, apparently screaming and upset" when she approached the court, because she feared retribution if defendant were convicted. Thus, the court properly determined that the state of mind of the juror prevented her from rendering an impartial verdict despite her statement that she could do so (*see, People v Santana,* 221 AD2d 175, 176, *lv denied* 87 NY2d 925; *cf., People v Santiago,* 255 AD2d 63, 69, *lv denied* 94 NY2d 829). (Appeal

from Judgment of Supreme Court, Monroe County, Mark, J.—Murder, 2nd Degree.) Present—Pigott, Jr., P. J., Hayes, Wisner, Scudder and Balio, JJ.