■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY WILLIS, Appellant. [756 NYS2d 698] —Appeal from a judgment of Erie County Court (DiTullio, J.), entered January 10, 2001, convicting defendant after a jury trial of, inter alia, burglary in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of burglary in the first degree (Penal Law § 140.30 [4]), criminal possession of a weapon in the second degree (§ 265.03 [2]), criminal possession of a weapon in the third degree (§ 265.02 [1]) and menacing in the second degree (§ 120.14 [1]). Contrary to defendant's contentions, the conviction is supported by legally sufficient evidence and the verdict is not against the weight of the evidence (see *People v Bleakley*, 69 NY2d 490, 495 [1987]). County Court properly allowed the complaining witness to testify that he had observed defendant with the painted handgun at issue two months prior to the incident. The testimony was properly admitted to connect the handgun found in the basement to defendant, not to establish that defendant has a criminal propensity (*see generally People v Brown*, 266 AD2d 863 [1999], *lv denied* 94 NY2d 860 [1999]). Defendant failed to preserve for our review his further contention that the court erred in allowing the prosecutor to impeach a prosecution witness (*see generally People v Chavez*, 275 AD2d 888, 888-889 [2000], *lv denied* 95 NY2d 962 [2000]). Finally, we reject the further contentions of defendant that he was deprived of a fair trial by alleged prosecutorial misconduct (*see generally People v Galloway*, 54 NY2d 396, 401 [1981]) and that the sentence is unduly harsh or severe. Present—Pigott, Jr., P.J., Green, Scudder, Kehoe and Lawton, JJ.