■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT THIGPEN, III, Appellant. [816 NYS2d 262]—

Appeal from a judgment of the Orleans County Court (James P. Punch, J.), rendered July 12, 2004. The judgment convicted

defendant, upon a jury verdict, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by vacating the sentence and as modified the judgment is affirmed, and the matter is remitted to Orleans County Court for resentencing.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]) and criminal possession of a controlled substance in the third degree (§ 220.16 [1]). Defendant contends that County Court erred in sua sponte permitting the jury to take two exhibits into the jury room during deliberations. He waived that contention, however, inasmuch as defense counsel stated on the record that he did not object (*see generally People v Hicks*, 12 AD3d 1044, 1045 [2004], *lv denied* 4 NY3d 799 [2005]). In any event, those exhibits were admitted in evidence at trial, and thus the jury was entitled to take them into the jury room during deliberations (*see* CPL 310.20 [1]). Defendant further contends that the court erred in sustaining the prosecutor's objection to a question asked by defense counsel during his direct examination of defendant. That contention is not preserved for our review, however, because the record establishes that defense counsel withdrew his question following the court's ruling (*see* CPL 470.05 [2]; *cf. People v Chavez*, 275 AD2d 888, 888-889 [2000], *lv denied* 95 NY2d 962 [2000]). In any event, the information sought by defense counsel in asking that question was irrelevant, and thus the court properly sustained the prosecutor's objection.

The further contention of defendant that he was denied a fair trial because the prosecutor elicited testimony from him concerning prior bad acts without seeking a ruling pursuant to *People v Ventimiglia* (52 NY2d 350 [1981]) also lacks merit. The record establishes that the testimony at issue was nonresponsive to the prosecutor's question and, instead, was volunteered by defendant during a proper line of questioning by the prosecutor. Thus, defendant was not deprived of a fair trial by any action on the part of the prosecutor (*see People v Vasquez*, 88 NY2d 561, 577-578 [1996]; *see generally People v Zanghi*, 256 AD2d 1120 [1998], *lv denied* 93 NY2d 881 [1999]; *People v Holton*, 225 AD2d 1021 [1996], *lv denied* 88 NY2d 986 [1996]). We further reject the contention of defendant that he was denied effective assistance of counsel (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]). Defendant's contention concerns

disagreements with defense counsel's trial tactics, and defendant has failed to establish "the absence of strategic or other legitimate explanations" for those tactics (*People v Rivera*, 71 NY2d 705, 709 [1988]; *see People v Benevento*, 91 NY2d 708, 712-713 [1998]; *People v Dennis*, 206 AD2d 843, 844 [1994], *lv denied* 84 NY2d 867 [1994]).

Finally, we conclude that the sentence of 3¹/₂ to 7 years of imprisonment is illegal inasmuch as defendant was sentenced as a second felony offender on two class B drug felonies, which in 2003 required a minimum indeterminate sentence of 4¹/₂ to 9 years (*see* Penal Law § 70.06 [3] [b]; [4] [b]; *cf.* § 70.70 [3] [b] [i]). "Although this issue was not raised before the [sentencing] court or on appeal, we cannot allow an [illegal] sentence to stand" (*People v Price*, 140 AD2d 927, 928 [1988]; *see People v Swan*, 158 AD2d 158, 163 [1990], *lv denied* 76 NY2d 991 [1990]). We therefore modify the judgment by vacating the sentence, and we remit the matter to County Court for resentencing. Present—Hurlbutt, J.P., Scudder, Martoche, Smith and Hayes, JJ.