■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES E. COMFORT, Appellant. [816 NYS2d 272]—

Appeal from a judgment of the Ontario County Court (James R. Harvey, J.), rendered May 19, 2004. The judgment convicted defendant, upon a jury verdict, of rape in the second degree (two counts), rape in the third degree and endangering the welfare of a child (four counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of two counts of rape in the second degree (Penal Law § 130.30 [1]), one count of rape in the third degree (§ 130.25 [2]), and four counts of endangering the welfare of a child (§ 260.10 [1]). Contrary to the contention of defendant, County Court did not err in summarily denying his motion to set aside the verdict based upon the unsupported claim that a deputy had spoken to a juror during deliberations (*see People v Laguer*, 195 AD2d 483, 484 [1993], *lv denied* 82 NY2d 756 [1993]; *see also People v Bryan*, 270 AD2d 875 [2000], *lv denied* 95 NY2d 904 [2000]). Defendant's motion papers did "not contain sworn allegations of all facts essential to support the motion" (CPL 330.40 [2] [e] [ii]), nor did they "allege any ground constituting legal basis for the" relief requested (CPL 330.40 [2] [e] [i]). Hearsay allegations are insufficient to sup-

port a claim of juror misconduct (*see People v Bradley*, 258 AD2d 936 [1999], *lv denied* 93 NY2d 922 [1999]; *People v Hentley*, 155 AD2d 392, 393 [1989], *lv denied* 75 NY2d 919 [1990]).

Contrary to defendant's further contention, reversal is not required as a result of the unprompted testimony of a prosecution witness that she had seen defendant on the television news in connection with a prior accusation of rape. Given the inadvertence and fleeting nature of that testimony (*see People v Greene*, 250 AD2d 547 [1998], *lv denied* 92 NY2d 925 [1998]; *People v Mosley*, 170 AD2d 990, 990-991 [1991], *lv denied* 77 NY2d 964 [1991]), the court's prompt corrective action was sufficient to alleviate any prejudice (*see People v Santiago*, 52 NY2d 865, 866 [1981]; *Greene*, 250 AD2d 547). The jury is presumed to have followed the court's curative instructions (*see People v Cruz*, 272 AD2d 922, 923 [2000], *affd* 96 NY2d 857 [2001]; *People v Davis*, 58 NY2d 1102, 1104 [1983]). We thus conclude that the court properly denied defendant's request for a mistrial (*see People v Zanghi*, 256 AD2d 1120 [1998], *lv denied* 93 NY2d 881 [1999]), especially given the overwhelming nature of the evidence against defendant (*see Greene*, 250 AD2d 547). Finally, defendant was not deprived of a fair trial by the prosecutor's comments on summation, which were not so inflammatory or egregious as to deny defendant due process (*see People v Cohen*, 302 AD2d 904, 905 [2003]; *People v Alshoaibi*, 273 AD2d 871, 873 [2000], *lv denied* 95 NY2d 960 [2000]). Present—Pigott, Jr., P.J., Scudder, Kehoe, Smith and Pine, JJ.