THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS BERMUDEZ, Appellant. [832 NYS2d 356]—Appeal from a judgment of the Erie County Court (Shirley Troutman, J.), rendered November 3, 2005. The judgment convicted defendant, after a nonjury trial, of assault in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a nonjury trial of assault in the first degree (Penal Law § 120.10 [1]). We agree with defendant that County Court erred in admitting evidence of an uncharged crime without conducting a *Ventimiglia* hearing. We conclude, however, that the error is harmless (*see generally People v Crimmins*, 36 NY2d 230, 241-242 [1975]). Defendant failed to preserve for our review his contention that the People improperly impeached their own witness (*see People v Picente*, 35 AD3d 1210, 1211 [2006]; *People*

*v Willis*, 303 AD2d 936 [2003], *lv denied* 100 NY2d 544 [2003]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). We reject defendant's further contention that the verdict is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). The court's resolution of credibility issues is entitled to great deference, and it cannot be said that the court failed to give the evidence the weight it should be accorded (*see People v Lane*, 7 NY3d 888 [2006]; *People v Britt*, 298 AD2d 984 [2002], *lv denied* 99 NY2d 556 [2002]). Contrary to the further contention of defendant, he received effective assistance of counsel (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]). Defense counsel "made appropriate and comprehensive pretrial motions, conducted pretrial hearings and examination of witnesses at the trial, [and] made timely and appropriate objections and attacks on the People's proof" (*People v Fells*, 279 AD2d 706, 711 [2001], *lv denied* 96 NY2d 758 [2001]), and defense counsel's decision not to call certain witnesses to testify was a matter of strategy (*see People v Botting*, 8 AD3d 1064, 1066 [2004], *lv denied* 3 NY3d 671 [2004]; *see generally People v Rivera*, 71 NY2d 705, 708-709 [1988]). Finally, the sentence is not unduly harsh or severe. Present—Scudder, P.J., Hurlbutt, Centra, Fahey and Green, JJ.