# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**56**

**KA 09-02148**

PRESENT: CENTRA, J.P., FAHEY, PERADOTTO, SCONIERS, AND GORSKI, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

BRYON DRENNAN, DEFENDANT-APPELLANT.

---

TYSON BLUE, MACEDON, FOR DEFENDANT-APPELLANT.

RICHARD M. HEALY, DISTRICT ATTORNEY, LYONS (MELVIN BRESSLER OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Wayne County Court (Dennis M. Kehoe, J.), rendered October 29, 2009. The judgment convicted defendant, upon a jury verdict, of murder in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of murder in the second degree (Penal Law § 125.25 [1]), defendant contends that County Court erred in refusing to suppress his statements to the police. We reject that contention. The evidence at the suppression hearing establishes that, after the police questioned defendant and his parents at their residence concerning the whereabouts of the victim, defendant voluntarily agreed to continue the interview at the police station and arranged his own transportation there. While at the police station, defendant was not handcuffed or otherwise restrained. The portion of the interview that preceded the administration of *Miranda* warnings lasted only 30 minutes, during which time the questioning was largely investigatory in nature. The record thus supports the court's determination that defendant's statements made prior to the administration of *Miranda* warnings were not the product of custodial interrogation (*see People v Copp*, 78 AD3d 1548; *People v Davis*, 48 AD3d 1086, 1087, *lv denied* 10 NY3d 861; *People v Lunderman*, 19 AD3d 1067, 1068-1069, *lv denied* 5 NY3d 830). Defendant's remaining statements were made after he waived his *Miranda* rights, having acknowledged that he understood those rights (*see People v Morgan*, 75 AD3d 1050, 1054, *lv denied* 15 NY3d 894).

Defendant failed to preserve for our review his contention concerning the alleged legal insufficiency of the evidence inasmuch as he failed to renew his motion for a trial order of dismissal after presenting evidence (*see People v Hines*, 97 NY2d 56, 61, *rearg denied*

97 NY2d 678; *People v Roundtree*, 75 AD3d 1136, *lv denied* 15 NY3d 855). In any event, the evidence, viewed in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621), is legally sufficient to establish that defendant caused the death of the victim and intended to do so (*see* Penal Law § 125.25 [1]; *see generally People v Bleakley*, 69 NY2d 490, 495). Further, viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495). Indeed, we conclude that an acquittal would have been unreasonable, based upon the credible evidence presented at trial (*see People v Rickard*, 71 AD3d 1420, 1422, *lv denied* 15 NY3d 809; *see generally Danielson*, 9 NY3d at 348-349; *Bleakley*, 69 NY2d at 495).

We reject the contention of defendant that he was denied effective assistance of counsel. There is no support in the record for defendant's assertion that defense counsel failed to investigate his case and, indeed, the record belies that assertion. With respect to defendant's contention that defense counsel failed to call expert witnesses to rebut the expert testimony presented by the People, we note that the court granted defense counsel's request for an adjournment to enable defense counsel to contact expert witnesses and to conduct additional testing and, in addition, defense counsel also sought authorization from the court to retain a psychiatrist to evaluate defendant. Defense counsel's ultimate decision not to call an expert witness was thus a matter of strategy that cannot support defendant's contention that he was denied effective assistance of counsel (*see People v Bermudez*, 38 AD3d 1325, *lv denied* 9 NY3d 840). In any event, " '[d]efendant has not demonstrated that such [expert] testimony was available, that it would have assisted the jury in its determination or that he was prejudiced by its absence' " (*People v Jurgensen*, 288 AD2d 937, 938, *lv denied* 97 NY2d 684).

With respect to defendant's contention that defense counsel was ineffective in failing to afford defendant an opportunity to testify before the grand jury, we note that defendant waived that contention inasmuch as he withdrew his pro se motion to dismiss the indictment on that ground after discussing the issue with substitute counsel. Defendant's further contention that defense counsel allegedly failed to challenge the validity of his confession based upon defendant's seizure disorder and/or medication issues and thus was ineffective on that ground as well is unsupported by the record. In fact, defense counsel specifically contended in support of defendant's suppression motion that defendant's statements to the police were involuntary based on defendant's "physical and emotional condition." Further, the record establishes that the court was aware that defendant suffered from epilepsy and was taking anti-seizure medication, and the record is bereft of any evidence that defendant's condition or medication had any impact on the voluntariness or validity of his statements to the police. It is well established that "[t]here can be no denial of effective assistance of . . . counsel arising from [defense] counsel's failure to 'make a motion or argument that has little or no chance of success' " (*People v Caban*, 5 NY3d 143, 152). Based on our review of

the record, we conclude that "the evidence, the law, and the circumstances of [this] case, viewed in totality and as of the time of the representation, reveal that [defense counsel] provided meaningful representation" (*People v Baldi*, 54 NY2d 137, 147).

Finally, in light of the brutal nature of the crime and defendant's lack of remorse, it cannot be said that the sentence imposed is unduly harsh or severe.

Entered:  February 10, 2011                    Patricia L. Morgan
                                               Clerk of the Court