# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

706
KA 08-00157
PRESENT: CENTRA, J.P., FAHEY, CARNI, SCONIERS, AND GREEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

IRASELL GUERRA, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (TIMOTHY S. DAVIS OF COUNSEL), FOR DEFENDANT-APPELLANT.

IRASELL GUERRA, DEFENDANT-APPELLANT PRO SE.

MICHAEL C. GREEN, DISTRICT ATTORNEY, ROCHESTER (JOSEPH D. WALDORF OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Alex R. Renzi, J.), rendered November 14, 2007. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). We reject defendant's contention that he was denied a fair trial when a police officer testified that defendant, after being taken into custody and confessing to the crime, said that he had "been through this before." The officer's comment was potentially prejudicial inasmuch as it permitted the inference that defendant had a prior criminal record (*see People v Carter*, 40 AD3d 1310, 1312-1313, *lv denied* 9 NY3d 873, 879; *People v Butler*, 258 AD2d 368, 369). Viewing the brief, singular comment in light of the officer's entire testimony, however, we conclude that County Court mitigated any prejudice by striking that comment and giving a curative instruction directing the jury to disregard it (*see Carter*, 40 AD3d at 1313; *People v Hawkes*, 39 AD3d 1209, 1210, *lv denied* 9 NY3d 844, 845; *People v McCombs*, 18 AD3d 888, 890). Contrary to defendant's further contention, the record fails to demonstrate that the officer intentionally violated the court's pretrial ruling limiting testimony regarding defendant's criminal history (*see McCombs*, 18 AD3d at 890; *People v Greene*, 250 AD2d 547, *lv denied* 92 NY2d 925). We therefore conclude that the court did not abuse its discretion in denying defendant's motion for a mistrial and various alternative relief based on the testimony in question (*see Carter*, 40 AD3d at 1312-1313;

*Hawkes*, 39 AD3d at 1210; *see also People v Santiago*, 52 NY2d 865, 866). In any event, any error with respect to the officer's testimony is harmless inasmuch as the proof of defendant's guilt was overwhelming and there is no significant probability that he would have been acquitted but for the error (*see Greene*, 250 AD2d 547; *see generally People v Crimmins*, 36 NY2d 230, 241-242).

Viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we reject the contention of defendant in his pro se supplemental brief that the verdict is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).

Entered: June 10, 2011          Patricia L. Morgan
                                        Clerk of the Court