People v Hogue (2018 NY Slip Op 08147)





People v Hogue


2018 NY Slip Op 08147


Decided on November 28, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JEFFREY A. COHEN
JOSEPH J. MALTESE
LINDA CHRISTOPHER, JJ.


2016-00570
 (Ind. No. 3848/14)

[*1]The People of the State of New York, respondent,
v
William Hogue, appellant.


Paul Skip Laisure, New York, NY (Anders Nelson of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Jean M. Joyce of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Cassandra M. Mullen, J.), rendered December 10, 2015, convicting him of robbery in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was convicted of robbery in the first degree and criminal possession of a weapon in the second degree, after a jury trial, arising from a robbery at gunpoint wherein the defendant stole the complainant's watch, chain, and car key before fleeing on foot to a waiting vehicle. The complainant ran after the defendant and shot at the vehicle, and a gun was fired from inside the vehicle. Police officers in the area heard the gun shots. One officer saw muzzle flashes from the passenger side of the vehicle and the officers pursued the vehicle, stopping it five blocks away. The defendant, seated in the passenger seat of the vehicle, did not immediately comply with the officers' demand that he put his hands out of the window. One of the officers testified that the defendant was "fidgeting with the middle dash [board]" before the defendant put his hands out of the window. Once both the driver and the defendant were placed under arrest, the vehicle was taken to the police station for an inventory search. The search revealed a loaded weapon hidden behind the radio panel. A subsequent search of the vehicle revealed the watch, chain, and car key that the complainant reported stolen.
After a suppression hearing, the Supreme Court, Kings County (Neil J. Firetog, J.), determined that the testimony of the officer regarding hearing gun shots, seeing muzzle flashes, pursuing the vehicle, and recovering a weapon was credible. The court ruled, inter alia, that the arrest of the defendant was based on probable cause.
At trial, the officers, the complainant, and another witness testified with respect to the incident. The defendant's grand jury testimony, along with several recordings of phone calls made by the defendant from Rikers Island Correctional Facility, were admitted into evidence. At the conclusion of the trial, the jury found the defendant guilty of both counts.
The defendant's contention that he was deprived of the effective assistance of counsel because his trial counsel failed to move to reopen the suppression hearing is without merit. Counsel will not be deemed ineffective for failing to pursue an argument that has little or no chance of success (see People v Flowers, 28 NY3d 536, 541; People v Brown, 13 NY3d 332, 341; People v Ennis, 11 NY3d 403, 415; People v Caban, 5 NY3d 143, 152). Here, the defendant did not establish that the officer's hearing testimony was inconsistent with testimony elicited from other witnesses at trial, and it is unlikely that the Supreme Court would have granted an application to reopen the suppression hearing or that, if it had done so, it would have suppressed the physical evidence as a result (see People v Meyers, 162 AD3d 1074, 1075). Accordingly, trial counsel was not ineffective for failing to make that application. Moreover, the evidence, the law, and the circumstances of the case, viewed in totality as of the time of the representation, reveal that trial counsel provided meaningful representation (see People v Wright, 25 NY3d 769, 779; People v Caban, 5 NY3d at 152; People v Berroa, 99 NY2d 134, 138-139; People v Baldi, 54 NY2d 137, 146-147; People v Meyers, 162 AD3d at 1075).
The defendant's contention that the Supreme Court abdicated its judicial function by allowing prospective jurors, who concluded that they could not be fair and impartial, to opt out of serving on the jury without further inquiry is unpreserved for appellate review (see CPL 470.05[2]) and, in any event, without merit (People v Gregory, 160 AD3d 894; People v Santos, 150 AD3d 1270, 1271; People v Cunningham, 119 AD3d 601).
There is no merit to the defendant's contention that the recordings of his telephone calls from Rikers Island Correctional Facility were improperly admitted into evidence at trial. The defendant contends that the notice he received that his telephone calls would be monitored and recorded provided no basis to infer that he consented to the distribution of those recordings to the prosecution, and that any consent to the monitoring and recording of his calls was for the limited purpose of ensuring facility security. These contentions have been rejected by this Court (see People v Diaz, 149 AD3d 974). The defendant impliedly consented to the monitoring and recording of his telephone conversations by using the facility's telephones despite being notified that such calls were being monitored (see People v Diaz, 149 AD3d at 975; People v Jackson, 125 AD3d 1002, 1004; see also United States v Workman, 80 F3d 688, 693-694 [2d Cir]; United States v Amen, 831 F2d 373, 379 [2d Cir]). Accordingly, the Supreme Court properly admitted the recordings of the phone calls (see People v Johnson, 27 NY3d 199, 202; People v Diaz, 149 AD3d at 975).
Finally, the defendant's claim of prosecutorial misconduct during summation is largely unpreserved for appellate review (see CPL 470.05[2]). In any event, a prosecutor has "broad latitude" in responding to the defense counsel's summation (People v Santiago, 265 AD2d 351). The comments at issue here constituted fair comment on the evidence or were responsive to the defense's own summation (see People v Carter, 152 AD3d 786; People v Rudenko, 151 AD3d 1084).
MASTRO, J.P., COHEN, MALTESE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court